IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JAMES GORDON CHRISTY                PLAINTIFF

v.                No. 3:20-cv-371-DPJ-FKB

MISSISSIPPI COLLEGE,                DEFENDANTS
PATRICIA BENNETT,
JONATHAN WILL

**(JURY TRIAL DEMANDED)**

## COMPLAINT

This is an action for breach of contract, age discrimination and retaliation, among other things, brought by tenured law Professor J. Gordon Christy against Mississippi College and certain administrators. Professor Christy's course load and pay have been reduced - in breach of his tenure agreement with the College - in order to make way for younger and less qualified instructors. The administration has said that "older" professors cannot handle the work, on at least one occasion instructed the hiring committee to interview only candidates five or fewer years out of law school, has hired six younger and less qualified parties to teach courses that Professor Christy is more qualified to teach, has assigned younger professors to teach courses that Professor Christy is as qualified or more qualified to teach, and retaliated against Professor Christy for speaking out against age discrimination. In support thereof, COMES NOW THE PLAINTIFF, by and through his attorney, and alleges as follows:

**JURISDICTION, JURY TRIAL, TIMELINESS**

1. This matter is brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626, and this court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

2. Plaintiff hereby demands trial by jury on all issues so triable.

3. The plaintiff has complied with all claims processing and timeliness requirements of the ADEA, including those contained in 29 U.S.C. § 626.

**PARTIES**

4. Plaintiff James Gordon Christy ("Professor Christy") is a resident of Madison County, Mississippi.

5. Professor Christy is seventy-three years of age.

6. Professor Christy is employed as a Professor of Law by Mississippi College in its School of Law.

7. Professor Christy is a "person" and "employee" as defined in the ADEA, and is protected by the law.

8. Defendant Mississippi College ("MC") is a private educational institution located in Hinds County, Mississippi.

9. MC is a "person" and "employer" in an "industry affecting commerce" as defined in the ADEA.

10. MC is required to comply with the ADEA.

11. Professor Christy and MC are parties to an employment agreement which includes tenure protections for Professor Christy.

12. Defendant Patricia Bennett ("Dean Bennett") is an administrator of MC Law School.

13. Dean Bennett is a "person" and "employer" in an "industry affecting commerce" as defined in the ADEA.

14. Dean Bennett is required to comply with the ADEA.

15. Defendant Jonathan Will ("Dean Will") is an administrator of MC Law School.

16. Dean Will is a "person" and "employer" in an "industry affecting commerce" as defined in the ADEA.

17. Dean Will is required to comply with the ADEA.

## FACTS

18. Professor Christy graduated from the University of Texas at Austin with Honors and Special Honors in Philosophy in 1969, pursued graduate study in philosophy at the University of Edinburgh, Edinburgh, Scotland from 1971-1972, and graduated from the University of Texas School of Law with Honors in 1975.

19. Professor Christy taught for four years in the University of Oklahoma College of Law from 1978-1982.

20. Professor Christy then practiced law for approximately twenty years before joining the law faculty of MC. This included work as a partner in the tax section of the law firm Johnson & Gibbs, work as the head of the employee benefits practice in the law firm Strasburger & Price, and work as in-house pension and employment law counsel for Ford Motor Company.

21. Professor Christy joined the faculty of Mississippi College in May of 2002 and was awarded tenure effective August 2007.
22. Around spring of 2017, it began to be apparent that Dean Bennett - the new leader of the law school - was intent on pressuring older faculty to leave school.
23. For some older faculty Dean Bennett proposed to increase their teaching loads for the following school year without any additional pay. This effectively reduced their rate of pay.
24. Perhaps aware of Professor Christy's remarkable work ethic, they adopted a different strategy with Professor Christy.
25. On or about May 31, 2017, Dean Bennett and Dean Will called Professor Christy into a meeting and told him that his salary would be cut in half.
26. Professor Christy was given no choice in the matter.
27. This was a violation of Professor Christy's contractual rights and tenure protections in his relationship with MC.
28. Dean Bennett and Dean Will also said they would cut Professor Christy's teaching load in half. This likewise was a violation of Professor Christy's contract and tenure protections.
29. Dean Bennett and Dean Will claimed that MC lacked funds to pay Professor Christy's full salary.
30. This was untrue. MC had the funds to pay Professor Christy.
31. However, at that time Professor Christy took the deans at their word on this point. In an effort to help MC save money - and hopefully return to full pay

himself one day - Professor Christy offered to devote the time freed by his reduced teaching load to assisting with the "academic success program," hopefully saving them the cost of one-half of a salary in that department. This offer was rejected by the deans.

32. The deans would not consider any alternative to the half-time/half pay teaching arrangement and gave Professor Christy no alternative but to sign the contract for half-time teaching and pay if he wanted to continue any teaching at the Law School.

33. In a faculty meeting in late July, 2018, Professor Christy complained of age discrimination in the hiring of a party into the academic success program with lesser qualifications.

34. The hiring committee had been instructed to interview only candidates five or fewer years out of law school. Professor Christy pointed out that the instructions ensured that lawyers with long experience in the law could not be considered, that parties with long experience were certain to be older, and that the criteria violated the ADEA.

35. Dean Will denied that the instructions were so limited, but the head of the hiring committee, a former Dean of the Law School, confirmed that the criteria were as Professor Christy had alleged. Plaintiff was annoyed that Dean Will had misrepresented his instructions.

36. In the course of this discussion of age discrimination and ADEA compliance, and in particular the qualifications of the faculty of the academic success program, Professor Christy referred to them as "idiots."

37. The deans sought to discipline Professor Christy in response, and took retaliatory action against him because of his opposing age discrimination. This included making false statements about his conduct to MC administration at the main campus. Among other things, they falsely claimed he "threatened" the faculty of the academic success program.

38. Others at the law school have said and done far less temperate things in faculty and other meetings and have not suffered similar consequences. Professor Christy was treated worse than these comparators because of his age and protected activity.

39. On three subsequent occasions Dean Bennett, said in faculty meetings that the older faculty can't keep up with the demands of law teaching, that the Law School needs "young scholars."

40. In so doing, Dean Bennett has not only expressed a preference for younger employees, but has acted on it by hiring younger and less qualified employees to teach classes formerly taught by Professor Christy, rather than simply return him to a full time courseload and pay.

41. By way of example, Dean Bennett recently proposed to the Law School Faculty a deal between Professor Cecile Edwards and the Law School whereby Professor Edwards would retire if the Law School would hire her son into a tenure track

professorship at the Law School. The new hire is being given courses that Professor Christy has taught many times while Professor Christy remains on halftime.

42. Between July 27, 2018, and April 12, 2019, Professor Christy informed the administration of the College with detailed memoranda addressed to the Academic Vice President, the President, and the General Council of the College of Dean Bennett's announced intentions to violate the federal Age Discrimination in Employment Act and the treatment that Dean Bennett and Dean Will had accorded to Professor Christy. MC did not seriously investigate these claims, and the retaliation and harassment has continued.

43. Since then, the deans have lately asserted that the half-time arrangement was "Professor Christy's idea" to try to help MC have the funds to retain one of his colleagues. This is untrue. The true facts are as described above.

44. Professor Christy then, on February 5, 2020, informed the deans that, if his half-pay was "voluntary" as they claimed, then he would like to end it and resume full pay and teaching. To date, MC has done nothing to restore Professor Christy's pay and teaching. To the contrary, Dean Bennett and Dean Will have placed Plaintiff on half-time teaching for the coming school year. In spite of their claims, Dean Bennett and Dean Will clearly do not view Plaintiff's status as voluntary.

## CAUSES OF ACTION

**COUNT 1: Age Discrimination**

45. Plaintiff incorporates all allegations set forth in all other sections of this complaint.
46. Plaintiff is an employee over 40 years of age protected by ADEA.
47. Under the ADEA, it is unlawful to discriminate against an employee because of his advanced age.
48. Defendants violated this provision of ADEA as described above.
49. This includes cutting his pay, cutting his course work, and creating a hostile work environment, among other adverse actions because of his age.
50. The Defendants were aware of the ADEA's requirements at all relevant times.
51. The Defendants acted willfully in violation of the Act.
52. Plaintiff seeks the full remedies provided by the ADEA, including damages in the amount of his unpaid wages, liquidated damages, interest as applicable, and such other legal and equitable relief as may be proper.
53. Plaintiffs seek recovery of attorney's fees and costs under the ADEA.

**COUNT 2: ADEA Retaliation**

54. Plaintiff incorporates all allegations set forth in all other sections of this complaint.
55. Plaintiff is an employee over 40 years of age protected by ADEA.
56. Under the ADEA, it is unlawful to discriminate against an employee because he opposes age discrimination.
57. Defendants violated this provision of ADEA as described above.

58. This includes refusing to restore his pay and course work, defaming him, and creating a hostile work environment, among other retaliatory actions.
59. The Defendants were aware of the ADEA's anti-retaliation provisions at all relevant times.
60. The Defendants acted willfully in violation of the Act.
61. Plaintiffs seek the full remedies provided by the ADEA, including damages in the amount of their unpaid wages, liquidated damages, interest, compensatory and punitive damages, and such other legal and equitable relief as may be proper.
62. Plaintiffs seek recovery of attorney's fees and costs under the ADEA.

**COUNT 3: Bill for Discovery and Accounting**

63. Plaintiff incorporates all allegations set forth in all other sections of this complaint.
64. Defendants entered binding contracts with Plaintiff.
65. Defendants have refused to provide information necessary to determine the full amounts owed under such contracts.
66. For these reasons, Plaintiff brings this action for an accounting and discovery concerning the full amounts owed to him by the Defendants.

**COUNT 4: Breach of Contract**

67. Plaintiff incorporates all allegations set forth in all other sections of this complaint.
68. Defendants entered binding contracts with Plaintiff.

69. These contracts, in additional to their explicit terms, included an obligation of good faith and fair dealing.

70. Defendants breached their contracts with Plaintiff, both as to their explicit terms and the obligation of good faith and fair dealing.

71. Plaintiff has been harmed in actual pecuniary damages, plus additional amounts in consequential damages, interest, costs, compensatory damages, punitive damages, and attorney's fees.

72. For these reasons, Plaintiff brings this action for breach of contract.

**COUNT 5: Quasi-Contract claims**

73. Plaintiff incorporates all allegations set forth in all other sections of this complaint.

74. Plaintiff performed valuable service for Defendants in good faith and with the reasonable expectation of compensation. Defendants accepted those services.

75. Defendants promised to pay for those services, and Plaintiff reasonably relied on those promises, foregoing other valuable opportunities. Plaintiff was harmed thereby.

76. Defendants benefited from Plaintiff's services at Plaintiff's expense, and have been unjustly enriched thereby.

77. Plaintiff is entitled to relief in quasi contract, e.g., in quantum meruit, unjust enrichment, estoppel and/or reliance damages.

**COUNT 6: Defamation**

78. Plaintiff incorporates all allegations set forth in all other sections of this complaint.

79. Defendants falsely and maliciously misrepresented the Plaintiff and his actions.

80. In so doing, Defendants harmed Plaintiff.

81. For this reason, Plaintiff is seeking damages in an amount to be determined, to include both actual economic damages and harm to his reputation, plus additional amounts in consequential damages, interest, costs, compensatory damages, punitive damages, and attorney's fees.

**COUNT 7: False Light**

82. Plaintiff incorporates all allegations set forth in all other sections of this complaint.

83. Defendants placed Plaintiff and his actions in false light.

84. In so doing, Defendants harmed Plaintiff.

85. For this reason, Plaintiff is seeking damages in an amount to be determined, to include both actual economic damages and harm to his reputation, plus additional amounts in consequential damages, interest, costs, compensatory damages, punitive damages, and attorney's fees.

**COUNT 8: Intentional Infliction of Emotional Distress**

86. Plaintiff incorporates all allegations set forth in all other sections of this complaint.

87. Defendants took extraordinary actions which were intended to cause severe emotional distress to the Plaintiff, and which did cause such distress.

88. In so doing, Defendants harmed Plaintiff.

89. For this reason, Plaintiff is seeking damages in an amount to be determined, to include both actual economic damages and harm to his reputation, plus additional amounts in consequential damages, interest, costs, compensatory damages, punitive damages, and attorney's fees.

**COUNT 9: Tortious Interference**

90. Plaintiff incorporates all allegations set forth in all other sections of this complaint.

91. Defendants tortiously interfered with the contractual relationship between Plaintiff and MC.

92. Defendants used their positions to induce a breach of contract by MC.

93. In so doing, Defendants harmed Plaintiff.

94. For this reason, Plaintiff is seeking damages in an amount to be determined, to include both actual economic damages and harm to his reputation, plus additional amounts in consequential damages, interest, costs, compensatory damages, punitive damages, and attorney's fees.

**PRAYER FOR RELIEF**

95. WHEREFORE, Plaintiff request that this Court award Plaintiff all available equitable and legal relief, including the following:

    a. Declare that the conduct complained of is unlawful and enter an injunction;

b. Require Defendant MC to post a notice in the workplace of this Court's findings of unlawful conduct;

c. Require Defendants to pay Plaintiffs back wages owed, and an equal amount in liquidated damages;

d. Require Defendants to pay Plaintiffs all amounts owed in tort or contract, including back pay, front pay (or reinstatement) consequential, compensatory and punitive damages as applicable;

e. Award Plaintiffs reasonable attorney's fees and costs of this action;

f. Award Plaintiffs interest on damages at the legal rate as appropriate, including pre- and post-judgment interest; and

g. Grant any further relief that the Court deems just and proper.

The foregoing Complaint is respectfully submitted on behalf of Plaintiff by and through counsel:

/s/ Joel Dillard          Date: 5/29/2020
Joel F. Dillard, Esq. (MS Bar 104202)
Joel F. Dillard, PA
775 N. Congress St.
Jackson MS 39202
Ph: 601-509-1372
Email: joel@joeldillard.com